People of Porto Rico, Plaintiff and Appellee, *v.* Juan Forestier, Defendant and Appellant.

No. 3125. Argued May 26, 1927.—Decided May 31, 1927.

*R. Martínez Nadal* and *Pascasio Fajardo* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant was convicted of slander. He said: "You," directing himself to attorney Vázquez, "and this fellow (*éste*)," directing himself to another person, "are two thieves; we are quite aware of what you did in Quebrada Grande." The complaint which charged the slander set up that with these words the defendant imputed the crime of robbery.

The appellant, as substantially his only assignment of error, attacks the sufficiency of the complaint. We can not agree with the *fiscal* that the complaint could be supported under section 2 of the Act of March 9, 1911, as the same is set out in the laws of that year on page 163, inasmuch as in this complaint a crime is directly imputed and not "a tale or report." In other words, the complaint is brought exclusively on the theory of the first section of the act, as follows:

"Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law."

*People* v. *Colberg*, 24 P.R.R. 630, 632, illustrates the point.

That case, however, also decides that where the words used are fairly susceptible of being interpreted to charge a crime the prosecution may be maintained. The words used are so susceptible. They directly charge the prosecuting witness with being a thief. While the words might be considered somewhat ambiguous and mere epithets, yet the innuendo is that the defendant meant to charge the prosecuting witness with being a thief. There was enough in the complaint to subject the defendant to a trial. Then he might have shown us that the words were mere epithets and under-

stood by no one as charging a crime. In the absence of such a showing the judgment should be affirmed.

### ON RECONSIDERATION.

Opinion of the Court delivered by Mr. Justice Wolf on July 7, 1927.

In reply to a motion for reconsideration we may say that the conviction in this case is based upon the theory that the defendant by calling the witness a thief was guilty of a slander. Other words used might conceivably have qualified or rendered harmless the use of the word "thief," but the burden was on the defendant to show the innocuous use of the said word.

The appellant now says that the words were not overheard by third persons. Two persons besides the prosecuting witnesses testified to having heard the words pronounced. The only error assigned was the sufficiency of the information and that charged that the words were uttered publicly.

The motion will be denied.